Minute Order Form(06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 00 C 8019 | **DATE** | 12/23/2002 |
| **CASE TITLE** | Anthony Marano Co. vs. A. Stallone Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ____.
(3) ☐ Answer brief to motion due ____. Reply to answer brief due ____.
(4) ☐ Ruling/Hearing on ____ set for ____ at ____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ____ set for ____ at ____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ____ set for ____ at ____.
(7) ☐ Trial[set for/re-set for] on ____ at ____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ____ at ____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Report and Recommendation to Hon. James Holderman recommending that plaintiff's motion to hold Marlene Stallone and Maria Stallone in contempt of court [63-1] be GRANTED IN PART AND STAYED IN PART, and that plaintiff's motion to hold Bernice Ventresca in contempt of court and for a turnover order for certain property [64-1] be DENIED WITHOUT PREJUDICE is submitted herewith. Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72(a). Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 24 2002 | |
| | Notified counsel by telephone. | | date docketed | 70 |
| | Docketing to mail notices. | | MR | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 12/23/2002 | |
| | | | date mailed notice | |
| MW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY MARANO COMPANY ) | |
|     Plaintiff, ) | |
|         vs. ) | Case No. 00 C 8019 |
| ) | |
| A. STALLONE, INC. et al., ) | District Judge James F. Holderman |
| ) | |
|     Defendant and Judgment Debtor ) | Magistrate Judge Geraldine Soat Brown |
| ) | |
| Bernice Ventresca ) | |
|     Citation Third Party Respondent ) | |
| ) | |
| Joseph M. Lucas ) | |
|     Citation Third Party Respondent ) | |
| ) | |
| Marlene Stallone and Marie Stallone ) | |
|     Citation Respondent ) | |

To:   Honorable James R. Holderman
       United States District Judge

## REPORT AND RECOMMENDATION

Geraldine Soat Brown, United States Magistrate Judge

### INTRODUCTION

This case has been referred by the District Judge for proceedings on the plaintiff's motion to hold Marlene Stallone and Marie Stallone in contempt of court, and the plaintiff's motion to hold Bernice Ventresca in contempt of court, and for a turnover order regarding property of which Bernice Ventresca is the trustee. [Dkt ## 63, 64][1]. As the facts set out below demonstrate, Marlene Stallone

---

[1] Those motions were captioned as if this case had been consolidated with *Heartland Produce Co. v. A. Stallone, Inc.*, 01 C 3560 (N.D. Ill.). However, as discussed herein, this case was never formally consolidated with associated cases against the same defendants.

and Marie Stallone have repeatedly failed to comply with a variety of court orders in this and associated litigation, including previous orders to appear in court. For the reasons set out below, this court believes that Marie Stallone should be held in contempt of court; however, under these circumstances, a Magistrate Judge does not have authority to hold a party in contempt and must issue a report and recommendation. Thus, this court respectfully recommends that the plaintiff's Motion to Hold Marlene Stallone and Maria *(sic)* Stallone in Contempt be granted in part and stayed in part as follows: (a) that the motion be granted as to Marie Stallone, and a bench warrant be issued for the arrest of Marie Stallone to compel her appearance before the Court and her compliance with previous court orders and with citations to discover assets previously issued by the Clerk of the Court; and (b) that the motion be stayed as to Marlene Stallone without prejudice during the pendency of her bankruptcy case, so that if that case is dismissed, the plaintiff can renew the motion. This court further respectfully recommends that the plaintiff's motion to hold Bernice Ventresca in contempt be denied, and that the citation against Bernice Ventresca be dismissed, without prejudice to the plaintiff's serving a citation upon Beatrice Ventresca.

## FACTUAL BACKGROUND

### A.  Complaint and Judgment

On December 21, 2000, the plaintiff filed a complaint under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5)("PACA"), against A. Stallone Inc., Marie Stallone, Marlene Stallone and Laura Stallone. [Dkt # 1.] Although this case was initially assigned to another District Judge, the plaintiff brought a motion to consolidate it with a previously-filed case *Mandolini Co. v. A. Stallone Inc.*, No. 00-C-7016, involving the same Respondents, then pending before District

Judge Holderman. [Dkt # 2.] Judge Holderman granted the motion in the sense that he requested that this case be reassigned to him [dkt # 3], and it was reassigned to him. [Dkt # 4.] Subsequently, a third case against the same defendants, *Heartland Produce Co. v. A. Stallone Inc.*, No. 01-C-3560, was reassigned to Judge Holderman. [Dkt # 3](01-C-3560). The cases were never formally consolidated in the District Court. On November 29, 2001, *Mandolini Co.* was referred to Magistrate Judge Denlow. [Dkt # 69](00-C-7016).

The plaintiff in this case, Anthony Marano Co., moved for summary judgment on August 10, 2001. [Dkt # 26.] On October 9, 2001, the District Judge granted the plaintiff's motion, and judgment was entered in favor of the plaintiff and against the defendants (A. Stallone, Inc., Marie Stallone, Marlene Stallone and Laura Stallone) jointly and severally as follows: $20,165.90, plus interest in the amount of $2,579.79 from November 1, 2000 through October 9, 2001, plus attorneys' fees and costs in the amount of $17,312.50, plus an additional $5.52 in interest for each day past October 9, 2001 until the plaintiff receives payment. The defendants were ordered to pay the judgment in full and the attorneys' fees and costs by October 31, 2001. [Dkt ## 39, 40.] The defendants appealed that judgment, but the appeals of all but Laura Stallone (who had filed for bankruptcy) were dismissed by the Court of Appeals in May, 2002 (as to A. Stallone, Inc.) and September, 2002 (as to Marie and Marlene Stallone).[2]

## B. The Citations and the Present Motion

On October 31, 2001, following the entry of judgment in this case, a citation to discover assets was issued by the court to Maria, Marlene and Laura Stallone. On January 15, 2002, the

---

[2]The defendants' appeals from this judgment and the judgment in the *Mandolini* case were consolidated by the Court of Appeals. [Dkt # 47.]

plaintiff moved to hold Maria *(sic)* Stallone, Marlene Stallone and Laura Stallone in contempt of court for failure to appear at the citation proceedings. [Dkt # 50.] As further discussed *below*, after the defendants failed to appear notwithstanding repeated orders for their appearance, the District Judge entered a finding of civil contempt against the corporate defendant for failure to comply with court orders. No ruling was entered regarding the individuals, apparently because Marlene and Maria Stallone had filed bankruptcy petitions. (Pl.'s Mot. to Hold Marlene Stallone and Maria *(sic)* Stallone in Contempt at 2.) Both bankruptcy petitions have since been dismissed. (*Id.*, Exs. A, B.)

A further citation was issued to Marlene Stallone on September 10, 2002, to appear for a citation proceeding on October 1, 2002. The citation was also issued to Bernice Ventresca as trustee for the Shur Trust, based on the allegation that the trust had received property without consideration from Marlene Stallone. (Pl.'s Mot. to Hold Bernice Ventresca in Contempt, ¶¶ 5-7, and attached Citation in Supp. Proceedings to Discover Assets at 2.) On October 4, 2002, the plaintiff again moved to have Marie and Marlene Stallone held in contempt for failure to appear for the citation. [Dkt # 63.] In addition, the plaintiff moved to hold Bernice Ventresca in contempt and for a turnover order against her. [Dkt # 64.] The case was referred to the Magistrate Judge for resolution of these motions. [Dkt # 66.] None of the respondents appeared at the Magistrate Judge's initial status on the plaintiff's motions. [Dkt # 69.] Plaintiff's counsel informed the Magistrate Judge that Marlene Stallone had filed a Chapter 13 bankruptcy petition and this court accordingly stayed the motion directed to her personally. The other respondents (Marie Stallone, Bernice Ventresca and Marlene Stallone with respect to the citation to discover assets against A. Stallone Inc.) were ordered to file responses by November 15, 2002. [Dkt # 69.] No responses were received or filed.

### C. Previous Efforts to Obtain Compliance by the Defendants

In the decision granting summary judgment, the District Judge observed that on July 12, 2001, the court had entered a preliminary injunction ordering the defendants to pay the amount of $20,517.40, of which $20,165.90 was still outstanding. (Order, October 9, 2001.)[Dkt # 39.] The District Judge stated, "Additionally, there is evidence in the record which establishes that defendants have knowingly attempted to evade, disregard and circumvent this court's orders of July 12, 2001 . . . ." (*Id.*)

Previously, in August, 2001, the plaintiff had filed two motions to hold the Stallones in contempt of court. [Dkt ## 28, 31.] The first motion alleged that the Stallones were attempting to evade a court order requiring that funds belonging to A. Stallone, Inc. in the hands of third parties be paid to the plaintiff. (Pl.'s Mot. to Hold Defs. in Contempt at ¶ 2, 10.)[Dkt # 28.] The Stallones had allegedly formed a new company, Produce Quest, Inc., and directed parties that owed A. Stallone Inc. money to make payments to Produce Quest. *Id.* at ¶ 5-10. The second motion for contempt alleged that Marlene Stallone had told a company that owed money to A. Stallone, Inc. to disobey the court order regarding payment to the plaintiff. (Pl.'s Additional Motion to Hold Defs. in Contempt at ¶ 5.) [Dkt # 31.] The decision granting summary judgment did not rule on either of the contempt motions. (Order, Oct. 9, 2001.)[Dkt # 39.]

As the following history demonstrates, time after time, the Stallones failed to comply with orders. On various occasions they obtained new counsel, and the District Judge gave them another chance. However, after a succession of attorneys have appeared and withdrawn, the defendants have no right to expect any further accommodation by the court.

In moving to withdraw from the case, the Stallones' first attorney complained that "they [the

Stallones] have stopped communicating with me for two weeks . . . my faxes aren't being received. My phone calls aren't being returned. My messages aren't being responded to." (Tr. May 15, 2001 at 4.) He told the District Judge that he had advised his clients that they were to be present in court, but he could not communicate with them. (*Id.* at 5.) As a result, the District Judge ordered that the individual defendants appear personally on May 24, 2001 in court, with the corporate defendant to appear through its president, and that the failure to appear could result in a default judgment. (*Id.* at 7; Order, May 15, 2001.)[Dkt # 16.] When the defendants failed to appear at that hearing, their counsel told the District Judge, "I need a client that . . . understands when a court makes an order it means what it says." (Tr. May 24, 2001 at 4.) That counsel was given leave to withdraw. (*Id.* at 7-8.) Again the District Judge ordered the individual defendants to appear, and suggested that a body attachment might issue if they continued to disregard court orders. (*Id.* at 8-9.) The District Judge stated, "I'm going to order again those individual defendants to be here or they will be held in contempt. The way that you get recalcitrant individuals to cooperate is to basically have them arrested, and I don't want to have to do that, but that is what I may have to do . . . ." (*Id.* at 8.) Marie, Marlene and Laura Stallone appeared at the subsequent hearing on May 30, 2001, with a number of excuses as to why they had not appeared on May 24, 2001, and the District Judge exonerated them from the rule to show cause. (Tr. May 30, 2001 at 9.) A second counsel was given leave to file his appearance. (*Id.* at 11.) The defendants were given until June 6, 2001 to comply with outstanding discovery in the *Mandolini* case, with payment of sanctions ordered if there was non-compliance. (*Id.* at 23; Order, May 30, 2001.)[Dkt # 17.]

The attorney who replaced the first counsel also had difficulty with the Stallones. When the Stallones failed to attend the hearing on *his* motion to withdraw he stated, "These ladies are evading

process, and they just can't be served with anything." (Tr. Sept. 27, 2001 at 3.) He further stated that his clients failed to produce their documents even for his use in representing them. (*Id.* at 5.) Later, in response to a motion to compel him to produce documents sought by the plaintiff in discovery, he stated, "I think it's pretty clear by now that these Defendants that we're dealing with are not particularly honest." (Tr. Nov. 8, 2001 at 8.) He also stated that "[a] major problem in this case, at least for me, was that my clients refused to turn over documents to me." (*Id.* at 3.) The District Judge again ordered the individual Stallones to appear before him in connection with their counsel's motion to withdraw. (Tr. Sept. 27, 2001 at 3.) At the subsequent hearing, that counsel was given leave to withdraw, and a third attorney filed an appearance for the defendants. (Tr. Oct. 9, 2001 at 2.) Although the individual defendants did not appear in response to the court's order, on the representation of their new attorney that they had provided him the necessary documents, the District Judge again excused their absence. (*Id.* at 6-7.)

As outlined above, following the entry of summary judgment, the plaintiff served citations to discover assets on Marie, Laura and Marlene Stallone, which were ignored. At the proceedings on the plaintiff's motion to have Marie and Marlene Stallone and the corporation held in contempt, the defendants' appellate counsel appeared. [Dkt # 51.] That counsel subsequently filed his appearance, defendants' fourth attorney in this case. [Dkt # 53.] The contempt motion was continued until January 31, 2002, and again until February 7, 2002, at which time the defendants were ordered to appear. [Dkt ## 51, 54.] Marie Stallone appeared at the hearing on February 7th; she was ordered to appear at citation proceedings on February 12, 2002 at 10:00 a.m., and the hearing on the contempt motion against Marlene and Laura Stallone was continued to February 12, 2002 at 1:30 p.m. [Dkt # 57.] Marlene and Laura Stallone did not appear on February 12, 2002, and

7

the District Judge ordered that they appear personally, and that a corporate representative appear for citation proceedings on March 8, 2002. (Order, February 12, 2002.) [Dkt # 58.] The rule to show cause why Marlene and Laura Stallone should not be held in contempt was continued to March 12, 2002. (*Id.*) Defendants' fourth attorney moved to withdraw. [Dkt # 59.] On March 12, 2002, that counsel's motion to withdraw was denied. The defendant corporation, A. Stallone, Inc., was found to be in contempt of court. Marie Stallone was ordered to appear as the corporate representative at a deposition, with a fine of $100 per day until the corporation's contempt is purged. No ruling was made as to Laura and Marlene Stallone.[3] [Dkt # 62.]

It appears that none of the citation proceedings ordered by the court ever took place. Marie Stallone filed for bankruptcy protection on February 12, 2002; that proceeding was dismissed on May 17, 2002. (02B5423, N. D. Ill. Bankr.) Marlene Stallone filed for bankruptcy protection on March 7, 2002; that proceeding was dismissed on May 17, 2002. (Case No. 02B8999, N. D. Ill. Bankr.) Laura Stallone also filed for bankruptcy protection on March 7, 2002; that proceeding is still pending. (Case No. 02B08994, N. D. Ill. Bankr.) On September 10, 2002, the plaintiff served the

---

[3]Similar difficulties were encountered in the *Mandolini Co.* case. On one occasion the District Judge held the individual defendants in criminal contempt and warned them that "...any violation of any subsequent order... entered by the magistrate judge or me, in connection with this case will cause each of the defendants to be subject to further sanctions, including fines and jail." (Tr. Nov. 26, 2001 at 183.)[Dkt # 67](00-C-7016). The District Judge also granted several other motions and issued orders, some of which also affected the related cases, that demonstrated the Stallones' repeated failure to comply with basic requirements. These motions and orders included a motion for court assistance to effect service [dkt ## 10-2](00-C-7016), a motion to compel appearance at a settlement conference [dkt # 32](00-C-7016), [dkt # 8](00-C-8019), an order to comply with outstanding discovery under threat of sanctions [dkt # 45](00-C-7016), and an order to show cause why the Stallones should not be held in contempt for failure to appear. [Dkt # 65](00-C-7016), [dkt # 16](00-C-8019). In September, 2002 Judge Denlow issued an order authorizing the Sheriff to use "all necessary force" to seize the personal property from Marie and Marlene Stallone. [Dkt # 94](00-C-7016).

citations for supplemental proceedings and to discover assets as to Marlene and Marie Stallone and as to Bernice Ventresca. These are the subject of the present motion.

With respect to Bernice Ventresca, the plaintiff's motion attaches copies of quitclaim deeds apparently executed by Marlene Stallone in October, 2001, conveying real estate to the ABLE 2001 Trust, and a conveyance in November, 2001, of that real estate by Marlene Stallone as trustee of the ABLE 2001 Trust to Beatrice Ventresca as the trustee of the Shur Trust. (*See* Exhibits to Mot. Hold Bernice Ventresca in Contempt.) It also includes a Declaration of Trust, showing that the ABLE 2001 Trust was created by Marlene Stallone in October, 2001, and a Declaration of Trust dated November, 3, 2001, for the Shur Trust for which Beatrice Ventresca is the trustee. The Shur Declaration of Trust states that Beatrice Ventresca is the sister of Marlene Stallone and the aunt of Marie Stallone. (*Id.*) However, there is no mention in the trust documents of *Bernice* Ventresca, the person to whom the citation was issued. The citation was served by certified mail addressed to "Bernice Ventresca." The receipt was signed by "B. Ventresca" as "addressee or agent." (Mot. Hold Bernice Ventresca in Contempt, Ex. A.) It is possible that the plaintiff simply mistakenly used "Bernice" instead of "Beatrice." However, the factual premise of the plaintiff's motion – that Bernice Ventresca is the trustee of the Shur Trust (Mot. Hold Bernice Ventresca in Contempt ¶ 6) – appears unsupported by the record. Because Beatrice Ventresca has not been named in a citation or served, she cannot properly be held in contempt of court for failure to respond.

Based on the foregoing facts which appear in the record of this case, this Court finds as follows:

A. The corporate defendant A. Stallone, Inc. has violated both the District Judge's order of February 12, 2002 to appear on March 8, 2002 for citation proceedings, and the District Judge's

9

order of March 12, 2002 that it appear through its corporate representative for citation proceedings; further, A. Stallone, Inc has not purged itself of contempt as found by the District Judge on March 12, 2002.

B.  Marie Stallone has violated the District Court's order of March 12, 2002 that she appear as corporate representative for a deposition of the corporation in connection with the citation proceedings.

C.  Marie Stallone has failed to appear for citation proceedings pursuant to the District Court's order of February 7, 2002; that although that order may have been stayed during the period in which her bankruptcy case was pending, she has failed to present herself for citations proceedings following the dismissal of her bankruptcy case.

D.  Marlene Stallone failed to appear in court on January 31, 2002 or February 7, 2002, in violation of the District Court's express order to show cause why she did not appear for citation proceedings. She also failed to present herself for citation proceedings following the dismissal of her first bankruptcy case. Because of the pending bankruptcy proceedings, no action can be taken to enforce Marlene Stallone's personal liability.

D.  The plaintiff has failed to show that Bernice Ventresca has any assets that might be used to satisfy the judgment. The plaintiff has shown a basis to believe that such assets may have been transferred to the Shur Trust of which Beatrice Ventresca is the trustee; however, no citation has been served upon Beatrice Ventresca.

## LEGAL ANALYSIS

### A.  Citations to Discover Assets and Turnover Orders

Under Fed. R. Civ. P. 69, enforcement of a judgment is governed by state law. Illinois law

establishes a procedure under which a judgment creditor is entitled to a supplemental proceeding to discover assets of the debtor and compel their payment towards the satisfaction of the judgment. 735 Ill. Comp. Stat. § 5/2-1402 (2002). This legislation is to be liberally construed. *Zantop International Airlines, Inc. v. Joyce Expediting Service Inc.*, No. 89 C 6279, 1991 WL 147376 at *1 (N.D. Ill. 1991)(Bucklo, M.J.). The supplemental proceeding is commenced by the issuing of a citation by the court. 735 Ill. Comp. Stat. § 5/2-1402. The citation orders the judgment debtor to appear and be deposed by the creditor regarding the debtor's assets. *(See, e.g.,* Citation in Supp. Proceedings to Discover Assets at 2, attached to Pl.'s Mot. to hold Bernice Ventresca in Contempt.) The court is then empowered to order that non-exempt assets discovered in this proceeding be turned over to the judgment debtor. 735 Ill. Comp. Stat. § 5/2-1402. The precise procedure "is left largely to the judge's discretion, and the proceedings are meant to be swift, cheap and informal." *Michaelson v. Schor*, No. 95 C 6573, 1997 WL 282929 at *3 (N.D. Ill. 1997)(Holderman, J.).

Complications are created when a judgment debtor fraudulently transfers assets in an attempt to avoid payment. Fraudulent transfers may be set aside. *Zantop,* 1991 WL 147376 at *1. However the third party claimant to whom the transfer was made has a right to a hearing prior to the entry of a final turnover order. Under § 5/2-1402(g), "if it appears that any property . . . is claimed by any person, . . . the court shall, as in garnishment proceedings, permit or require the claimant to appear and maintain his or her right." Moreover, § 5/2-1402(g) provides that the rights of adverse claimant are to be determined pursuant to the law of garnishment proceedings. *Id.* Under 735 Ill. Comp. Stat. § 5/12-711, garnishees are granted the right to a hearing to contest the garnishment. However 735 Ill. Comp. Stat. § 5/12-706 allows the court to enter a conditional judgment against a garnishee who fails to appear. A summons is then sent to the garnishee ordering it to show cause why the

judgment should not be made final. *Id.* If the garnishee fails to appear the court may then make the conditional order final. *Id.*

## B. Contempt Proceedings

Subpoenas have "never been treated as an invitation to a game of hare and hounds in which the witness must testify only if cornered at the end of the chase." Charles A. Wright, Arthur R. Miller and Richard L. Marcus, 2 *Federal Practice and Procedure: Criminal*, § 279 at 278 (3rd ed., West., 1994) ("Wright & Miller"), quoting *United States v. Bryan*, 339 U.S. 323, 332 (1950). Thus, "[a]n ordinary witness who fails to appear for the taking of his or her deposition after being subpoenaed is guilty of contempt." 8A Wright & Miller, § 2107 at 59 (2nd ed., West, 1994). Under Fed. R. Civ. Pro. 45(e) the "[f]ailure by any person without adequate excuse to obey a subpoena . . . may be deemed a contempt of the court . . . ." Illinois law also specifically provides that failure to comply with a citation to discover assets may constitute contempt of court. 735 Ill. Comp. Stat. § 5/2-1402.

Contempt may be either civil or criminal. Civil contempt is designed to compel an action and compensate the parties for losses resulting from non-compliance. *United States v. United Mine Workers of America*, 330 U.S. 258, 303-304 (1947). Criminal contempt, in contrast, is designed to punish prior disobedience. *Gompers v. Buck's Stove and Range Co.*, 221 U.S. 418, 450 (1911). Parties can potentially be held in both civil and criminal contempt. *Grove Fresh Distributors, Inc. v. John Labatt Ltd.*, 888 F. Supp 1427, 1449 (N.D. Ill. 1995)(finding defendant in criminal and civil contempt for failing to appear before district court.)

Criminal contempt is authorized by 18 U.S.C. § 401. This statute authorizes a court "to punish by fine or imprisonment, or both, at its discretion, . . . (3) Disobedience or resistance to its

12

lawful writ, process, order, rule, decree, or command." When criminal contempt is not committed in the presence of the court, Fed. R. Crim. P. 42(a) requires notice prior to prosecution. The notice "must state the time and place of the trial; (b) allow the defendant a reasonable time to prepare a defense; and (c) state the essential facts constituting the charged criminal contempt and describe it as such." Fed. R. Crim. P. 42(a). If the defendant is not present in court, notice is given by an order to show cause or an order of arrest. *Id.* A conviction for criminal contempt requires a showing that the violation was willful. *Betts,* 927 F.2d at 986. A standard of reasonable doubt is applied and a jury trial is permitted for some forms of criminal contempt. *Grove Fresh,* 888 F. Supp at 1436.

Civil contempt is authorized by 28 U.S.C. § 1826(a). Generally "[a] district court has broad discretion to fashion an appropriate coercive remedy in a case of civil contempt, based on the nature of the harm and the probable effect of alternative sanctions. Its determinations will not be disturbed absent a clear showing of abuse of discretion or if clearly erroneous." *Cannon v. Loyola University of Chicago,* 676 F. Supp 823, 828 (N.D. Ill. 1987)(internal citations omitted). The remedy may include imprisonment. 28 U.S.C. § 1826(a) states that "[w]henever a witness in any proceeding before or ancillary to any court . . . refuses without just cause shown to comply with an order of the court to testify . . . the court . . . may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony . . . ." The period of the confinement is limited to the lesser of eighteen months, or the life of the court proceeding. *Id.* A court also may impose fines as a civil contempt sanction as long as those fines are intended to compel compliance with the court's orders rather than punish disobedience. *E.g. International Union, United Mine Workers of America v. Bagwell,* 512 U.S. 821, 823 (1994). The court may also impose remedial sanctions to compensate a party for losses sustained due to the contemptor's disobedience. *United States v.*

13

*Dowell*, 257 F.3d 694, 699 (7th Cir. 2001). Such sanctions may include attorney's fees. *In re Establishment Inspection of Microcosm*, 951 F.2d 121, 121 (7th Cir. 1991).

A finding of civil contempt requires: "(1) that the court entered a lawful order of reasonable specificity; (2) the order was violated." *Grove Fresh*, 888 F. Supp 1436 (quoting *In re Betts*, 927 F.2d 983, 986 (7th Cir. 1991)). The specificity of an order is a "question of fact to be resolved with reference to the context in which the order is entered and the audience to which it is addressed." *Id.* at 1438. The violation of the order need not be willful, and a court "may find a party in civil contempt if he has not been reasonably diligent and energetic in attempting to accomplish what was ordered." *Federal Trade Commission v. Think Achievement Corp.*, 144 F. Supp. 2d 1029, 1034 (internal quotations omitted). To avoid contempt, the defendant may come forward with evidence to establish his inability to comply. The elements of civil contempt must be established by clear and convincing evidence. *Grove Fresh*, 888 F. Supp at 1436.

*Equal Employment Opportunity Commission v. Paragon Restaurant, Inc.*, No. 95 C 667, 1999 WL 231678 at *1 (N.D. Ill. Mar. 26, 1999)(Coar, J.) involved facts similar to the present case. In *Paragon*, the defendant failed to comply with a citation to discover assets and was the subject of a contempt motion. The court ordered the defendant to present himself for discovery on a date selected by the plaintiff and stated that a failure to appear or to deliver required materials would result in a fine of $100 per day until the defendant complied. *Id.* The court also ordered defendants to pay plaintiff's attorney's fees and costs. *Id.* at *9

Likewise in *In re Joint Eastern and Southern Districts Asbestos Litigation*, 71 F.3d 1319 (7th Cir. 1995), the defendant had failed to pay a prior contempt judgment in New York and failed to appear at a citation to discover assets in Illinois. *Id.* at 1320. He was ordered imprisoned until he

cooperated in the discovery of his assets. *Id.* When the defendant appealed, the imprisonment was stayed upon the posting of a bond exceeding the value of the judgment against him. *Id.* at 1321. When the appeal was dismissed, the bond was disbursed to the plaintiff. *Id.*

## RECOMMENDATION

In this case, the defendants have run the string out. Marie Stallone personally and on behalf of the corporate defendant has shown a blatant disregard for orders of the court.[4] The court's citations and orders to appear and show cause specifically indicated the time and place that Marie Stallone was to appear personally and as the corporate representative. Those citations and orders were clearly violated. The citation issued on September 10, 2002 states that the recipients "are hereby summoned" to appear at a specific time and place. (Citation In Supp. Proceedings to Discover Assets at 2, attached to Pl.'s Mot. to Hold Bernice Ventresca in Contempt.) The citation clearly notes, in all capital letters, that failure to appear "may result in the filing of a motion by the judgment creditor requesting that you be arrested and brought before the court to answer a charge of contempt of court, which may be punishable by imprisonment in a federal correctional facility." (*Id.*) A notice stating the date and time when individuals "are" to appear is "unequivocal" for the purposes of contempt. *United States v. Dowell*, 257 F.3d at 699. Moreover, the "timing and context" of a notice are significant and an individual previously warned that failure to appear would result in a contempt citation "cannot credibly argue that the court's notice did not mandate his appearance." *Id.*

---

[4]As discussed above, due to the pendency of Marlene Stallone's bankruptcy case, the motion was stayed as to her personally. For that reason, this recommendation is limited to Marie Stallone and the corporate defendant A. Stallone, Inc.

15

Marie Stallone, along with the other defendants, was previously warned by the District Judge of the consequences of failure to comply with orders. They have not presented any response to the plaintiff's present motions. None of the defendants have complied with the October 9, 2001 order [dkt # 39] to pay the judgment, interest and attorneys' fees to the plaintiff. The District Judge previously entered an order finding the corporate defendant in contempt and ordering a daily fine to compel compliance (Order, March 12, 2002)[dkt # 62], yet Marie Stallone has failed to appear for citation proceedings as the corporate representative, as ordered by the District Judge. Thus, additional monetary sanctions are unlikely to be effective, and the time has come when a warrant for the arrest of Marie Stallone is appropriate. *See United States v. Lippitt*, 180 F.3d 873, 874-875 (7th Cir. 1999)(imposing imprisonment as a civil contempt sanction for failure to pay fine); *United States v. Herrera-Rivera*, 25 F.3d 491, 494 (7th Cir. 1994)(attorney properly arrested and held in criminal contempt for failure to appear at start of trial).

The plaintiff's objective in bringing the present motions is to collect the judgment and other amounts awarded by the court. Civil rather than criminal contempt is better suited to accomplish that result.

The authority of a Magistrate Judge to find and punish contempt is governed by 28 U.S.C. §636(e). In this case, which is before this court on a referral from the District Judge and in which the allegedly contemptuous conduct did not occur in connection with proceedings before this court, this court cannot enter the order finding and punishing contempt, but must make a report and recommendation to the District Judge.

Thus, this court respectfully recommends that the plaintiff's Motion to Hold Marlene Stallone and Maria Stallone in Contempt be granted in part and stayed in part as follows: (a) that

the motion be granted as to Marie Stallone, that she be found in civil contempt, and that a bench warrant be issued for the arrest of Maria Stallone to compel her appearance before the Court and her compliance with previous court orders and with citations to discover assets issued by the Clerk of the Court as to her personally and as the representative of the corporate defendant A. Stallone, Inc.; and (b) that the motion be stayed as to Marlene Stallone without prejudice during the pendency of her bankruptcy case, so that if that case is dismissed, the plaintiff can renew the motion. This court further respectfully recommends that the plaintiff's motion to hold Bernice Ventresca in contempt be denied, and that the citation against Bernice Ventresca be dismissed, without prejudice to the plaintiff's serving a citation upon Beatrice Ventresca.

Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72(a). Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

*[signature]*
GERALDINE SOAT BROWN
United States Magistrate Judge

Dated: December 23, 2002

17